# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SETH HARP,<br>*Plaintiff*<br><br>v.<br><br>UNITED STATES SPACE FORCE,<br>DEPARTMENT OF THE AIR<br>FORCE, and DEPARTMENT OF<br>DEFENSE,<br>*Defendants* | § § § § § § § § § § §  Case No. 1:22-CV-00972-LY-SH |

### ORDER

Before the Court are Plaintiff's Complaint (Dkt. 1-1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 1), both filed September 26, 2022. The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 2.

### I.  *In Forma Pauperis* Status

After reviewing Plaintiff's Financial Affidavit, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

##   II.   Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff alleges that he is a veteran investigative reporter who "routinely requests records from federal agencies pursuant to FOIA, analyzes the responses, and disseminates his findings and the requested records to the American public." Dkt. 1-1 (Complaint) ¶ 3. On June 15, 2022, Plaintiff allegedly submitted a request, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to Defendant United States Space Force seeking a Department of Defense Form 1300 "for every member of the United States Space Force who has ever died while on active duty." *Id.* ¶¶ 7-8. After being instructed to do so by a staff sergeant in the Public Affairs Office of the Space Force, Plaintiff allegedly resubmitted his FOIA request to a new email address on July 13, 2022. *Id.* ¶¶ 12-13. Plaintiff alleges that Defendants have failed to respond to his requests, in violation of 5 U.S.C.

§ 552(a)(6)(A)(i), which requires that an agency make a determination within 20 days of receipt of a request, and are "unlawfully withholding records." *Id.* ¶¶ 15, 17, 20.

The Court finds that Plaintiff's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B). Accordingly, the undersigned does not recommend that the District Court dismiss this case under Section 1915(e)(2)(B).

### III.  Conclusion

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 1) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

**SIGNED** on October 21, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE